IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2011-BO

ROBERT J. CARTER,            )
      Petitioner,           )
                             )
v.                           )    **ORDER**
                             )
GEORGE KENWORTHY,            )
      Respondent.           )

Robert J. Carter ("petitioner"), a state inmate at Tabor Correctional Institution, in Tabor City, North Carolina, filed this habeas petition pursuant to 28 U.S.C. § 2254. Respondent seeks dismissal of the petition as being filed outside the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner responded. The matter is ripe for determination.

Background

In his petition, petitioner challenges his October 13, 2008, prison disciplinary decision for an infraction committed on September 21, 2008. In the original petition, a claim regarding one's right to privacy was also asserted. (Pet.). On May 18, 2011, the claim regarding his right to privacy was dismissed as improperly brought under the habeas statute, but the claims regarding the disciplinary proceedings, in that they resulted in reduction of good time credits, were allowed to proceed. (D.E. # 2, Order dated May 18, 2011).

On October 13, 2008, petitioner was sentenced to 45 days of segregation, 30 day loss of sentence reduction credits, and 120 day limited withdrawal of his inmate account for a "B6 sex act" disciplinary infraction. (Mem. in Supp. of Summ. J., Ex. 2 and 3) Petitioner appealed the October 13, 2008, decision which was upheld on October 21, 2008. (Pet., Attch.) On October 8, 2008, petitioner also wrote a letter to the Secretary of the North Carolina Department of Correction

regarding the infraction. (Id.) On October 27, 2008, Ms. Pimpong responded to the letter and informed petitioner that the October 13, 2008, decision had been upheld and no further action was warranted. (Id.) On October 21, 2008, petitioner filed a grievance about the showers facilities and privacy. (Id.) On the same day a response was issued and on November 13, 2008, the unit administrator agreed with the response. (Id.) On January 13, 2010, petitioner dated and submitted this pro se federal writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Statute of Limitations

Section 2244(d)(1) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. (emphasis added).

In discussing the statute of limitations as applied to those bringing a petition under § 2254, the Fourth Circuit has held that, "[t]he section's plain language reaches any and every habeas petition filed by persons who are in custody pursuant to state court judgments. The section does not distinguish based on the contents of a petitioner's claim, but encompasses all 'application[s] for writ

of habeas corpus.'" Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003) (alteration in original). Given that § 2244's one-year limitation period applies to habeas petitions challenging administrative decisions, the court is further instructed to run the period from § 2244(d)(1)(D)-rather than subsection (A). Id. at 333; McAleese v. Brennan, 483 F.3d 206, 213 n.9 (3rd Cir. 2007) ("According to the majority of the courts of appeals so long as the petitioner is in custody pursuant to a state-court judgment, all challenges to subsequent administrative decisions relating to his custody must comply with the limitations period under section 2244."); Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (time starts under 2244(d)(1)(D) when inmate could have discovered factual predicate from public sources using due diligence), cert. denied, 553 U.S. 1076 (2008).

Under subsection (D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." As set out above, the appeal for the disciplinary infraction became final on October 21, 2008, when the letter informing petitioner of that decision was issued. Petitioner does not dispute he was unaware of the decision on October 21, 2008.

However, petitioner's argument that the October 21, 2008, Administrative Grievance tolled the time is incorrect. The grievance process is separate from the administrative grievance process, and could not have reviewed or overruled Ms. Pimpong's administrative appeal decision regarding the October 13, 2008, disciplinary ruling. (Mem. in Supp., See Inmate Disciplinary Procedures, Chapter B .0200, (k) (Appeal to Director of Prisons, or his Designee, i.e., Ms. Pimpong). (Exhibit 3, at page 20 and 21 of 22)) Nor did that grievance even attempt to appeal the disciplinary infraction. (Pet., attached grievance) Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) commenced on October 21, 2008, and fully expired 365 days later on Wednesday, October 21,

3

2009.[1] This petition was filed on January 22, 2010, however, the court shall use a date of November 8, 2009, in calculating the limitations period. (See footnote 1).

Accordingly, the petition is untimely and respondent's motion to dismiss on this basis is ALLOWED (D.E. # 5). The case is CLOSED.

SO ORDERED. This the 6 day of February 2012.

Terrence Boyle
TERRENCE W. BOYLE
United States District Judge

---

[1] The petition is out of time when using the November 8, 2009 date. It is the November 8, 2009, date that he asserts he first mailed the petition to the incorrect address.

4